[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 542.]

IN RE APPLICATION OF VALENCIA.

[Cite as *In re Application of Valencia*, 2001-Ohio-1618.]

*Attorneys at law—Application to take Ohio Bar Examination denied, when—Applicant permitted to apply for February 2002 bar examination and required to file a new registration application for the examination.*

(No. 01-725—Submitted June 20, 2001—Decided October 31, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 193.

_____

*Per Curiam.*

{¶ 1} On August 29, 1994, Professor Susan Martyn of the University of Toledo College of Law charged that while applicant Louis E. Valencia of Cincinnati, Ohio (then of Toledo), served as president of the Student Health Care Law Association at the law school, he inflated the hours that advisory faculty members had worked on a mock trial and had made unauthorized use of association funds. The law school conducted an investigation. On November 15, 1994, in response to an inquiry, the interim associate dean of the law school informed the Supreme Court of Ohio that the investigation was complete, that the matter had been dismissed, and that the dean had no knowledge of any information that would cause her to doubt the applicant's character and fitness to practice law.

{¶ 2} Valencia was scheduled to graduate from the University of Toledo College of Law on December 17, 1994. On Friday, December 16, 1994, Professor Martyn informed the interim dean of the law school that she would not give the applicant a passing grade for a paper that he had written for her "Law, Service and Medicine" seminar because he had plagiarized some of the material and had thereby violated the honor code.

{¶ 3} In order not to disrupt the graduation ceremony, the interim dean did not inform Valencia of his failing grade but instead told Valencia to see the dean on Monday. Valencia participated in the graduation ceremony.

{¶ 4} Two days later, on Monday afternoon, Valencia met with members of the bar admissions committee of the Toledo Bar Association. At the close of that interview, Valencia told the examiners that he was surprised that they had not questioned him about the earlier charge brought against him by Professor Martyn. Valencia had not disclosed this earlier charge of inflated hours in his application because no violation was found. He said that he had assumed that the examiners knew about the incident because the information about the dismissal of the charges had been given by the interim dean to admissions personnel at the Supreme Court of Ohio.

{¶ 5} Valencia claims that it was after the meeting with the bar admissions committee on Monday that he went to the interim dean's office, where he was given a letter, a copy of the professor's complaint of plagiarism, and copies of some pertinent law review articles. The applicant claims that when he received this material, he put his application for admission to the bar of Ohio "on hold." However, the Toledo Bar Association concluded that the applicant had received the letter, the complaint, and the articles prior to meeting with the bar admissions committee members and, by failing to disclose these pending charges at the interview, he had exhibited a lack of candor.

{¶ 6} The law school investigated the charges of plagiarism in the applicant's senior paper and concluded that the applicant failed to meet his burden of proving inadvertent plagiarism. He was therefore publicly reprimanded, suspended for a minimum of one semester, and given the grade of "F." In December 1996, the applicant graduated from law school and moved to Cincinnati.

**{¶ 7}** When Valencia again applied for permission to take the bar examination, Professor Martyn provided the Toledo Bar Association with information about domestic violence by Valencia in the early 1990s.

**{¶ 8}** Valencia's application for permission to take the bar examination was referred to a panel of the Board of Commissioners on Character and Fitness of the Supreme Court ("board"). After a hearing, the panel found that, while it had some reservations as to whether plagiarism was involved in applicant's senior paper, there was insufficient documentation about his alleged failure to reveal the plagiarism charges to the examiners. The panel also found that the "allegations of 'domestic' " abuse were "insufficient" to draw conclusions from. The panel, by a two-to-one vote, recommended that the applicant be permitted to take the bar examination.

**{¶ 9}** On March 21, 2000, after reviewing the panel report and the evidence, the board concluded that the applicant should not be permitted to take the examination for admission to the bar of Ohio until February 2002 and should be required to file a new registration application.

**{¶ 10}** We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Applicant is hereby denied permission to take the bar examination but shall be entitled to apply for the February 2002 bar examination and shall be required to file a new registration application for such examination.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Barbara Stutz* and *Jonathan B. Cherry,* for Toledo Bar Association.

*Rose Ann Fleming,* for applicant.

————————————